UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**HEATH LEET**  **CASE NO.  6:24-CV-00586**

**VERSUS**  **JUDGE DAVID C. JOSEPH**

**TIM COTONE ET AL**  **MAGISTRATE JUDGE DAVID J. AYO**

**REPORT AND RECOMMENDATION**

Before this Court are three motions filed by defendants in the above-captioned civil rights suit:

(1) MOTION TO DISMISS filed by defendants Sheriff Thomas Romero ("Sheriff Romero") and the Iberia Parish Sheriff Department ("IPSD") (Rec. Doc. 4);

(2) MOTION TO DISMISS filed by defendant Government of Iberia Parish ("IPG") (Rec. Doc. 10); and

(3) MOTION TO DISMISS filed by defendant Tim Cotone ("Deputy Cotone")  (Rec. Doc. 19).

Plaintiff Heath Leet opposes these motions.[1] The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, law, and argument, and for the reasons explained below, this Court recommends that the MOTION TO DISMISS filed by Sheriff Romero and the IPSD (Rec. Doc. 4) be GRANTED in part and DENIED in part; that the MOTION TO DISMISS filed by the IPG (Rec. Doc. 10) be GRANTED

---

[1]    Opposition to Motion to Dismiss by Sheriff Romero and IPSD (Rec. Doc. 4) at Rec. Doc. 8;  Reply by Sheriff Romero and IPSD at Rec. Doc. 9;  Opposition to Motion to Dismiss by IPG (Rec. Doc. 10) at Rec. Doc. 13); Reply brief by IPG at Rec. Doc. 14; Opposition to Deputy Cotone's Motion to Dismiss (Rec. Doc. 19) at Rec. Doc. 21.  No reply brief was filed by Deputy Cotone to the opposition to his Motion Dismiss.

in part and DENIED in part; and that the MOTION TO DISMISS filed by Deputy Cotone (Rec. Doc. 19) be GRANTED in part and DENIED in part.

## **Factual Background**

Leet was arrested on May 9, 2019 by the IPSD on charges of Accessory After the Fact to Second-Degree Murder in violation of La. R.S. §§ 14:25 and 30.1, and Obstruction of Justice in violation of La. R.S. § 14:130.1(A)(1). Leet's arrest stemmed from the death of Jessica Morgan ("Morgan") from a drug overdose on or about December 16, 2018 at a mobile home Leet shared with Chad Viator ("Viator") and Taylor Maturin ("Maturin"). (Rec. Doc. 1 at p. 1).[2] On December 18, 2018, Leet learned that Morgan was not sick and resting in another room as he was told but was actually dead. Upon learning of Morgan's death, Leet called 9-1-1, after which IPSD investigators, including Deputy Kaila Chipman ("Deputy Chipman"), arrived at the scene.

Deputy Chipman's report stated that

> [u]pon arrival contact was made with Heath Leet (WM 1/19/84) who stated he was outside painting around 0300 hours on 12/17/18 and his newest roommate [sic], Jessica Morgan (WF 11/26/91), stated she was not feeling good and went back inside. I told Heath that I knew Jessica had been deceased longer than he said and Heath stated that that was not what Taylor told him. I told Heath that he told me he spoke to Jessica 24 hours ago.

(Rec. Doc. 1 at ¶ 15).

The coroner estimated that Morgan had been dead for 24 to 48 hours at the time IPSD arrived on the scene. (*Id.* at ¶ 16). Deputy Chipman's report further stated that

> Heath changed his story about Jessica's living arrangements multiple times. First Jessica was a roommate [sic], then she was just hanging around with Taylor, then stated Jessica had been living there for 3 days because she just got out of jail.

---

[2] The briefing occasionally refers to Maturin as "Mautrin." (See Rec. Docs. 8, 21).

(*Id.* at ¶ 18). Leet alleges that these portions of Deputy Chipman's report are materially false. First, Leet asserts that Deputy Chipman's own body camera footage contradicts her statement that he identified Morgan as his "roommate." (*Id.* at ¶ 17). Next, Leet points out that his written statement, obtained by Deputy Chipman, plainly identifies the person with whom he was painting as "Tay," meaning Taylor Maturin. (*Id.* at ¶ 17). Leet claims that these misrepresentations, incorporated into Deputy Cotone's March 13, 2019 affidavit, were instrumental to the probable cause finding required to secure a warrant for his arrest.[3] (*Id.* at ¶ 20).

Following his arrest, Leet was jailed and later arraigned on July 17, 2019. Leet was released on bail on October 13, 2019. (*Id.* at ¶ 26). All charges were dismissed on May 5, 2023. (*Id.* at ¶ 24).

Leet filed the instant suit on May 3, 2024, asserting Fourth, Fifth, and Fourteenth Amendment claims pursuant to 42 U.S.C. §§ 1983 and 1988, as well as corresponding state law claims under Louisiana's Constitution and statutes. (*Id.* at ¶ 1). The Complaint named Deputy Cotone, Deputy Chipman, Iberia Parish, Iberia Parish Sheriff's Office, Louis M. Ackal (former Sheriff of Iberia Parish), and Thomas Romero (current Sheriff of Iberia Parish). (*Id.* at ¶¶ 5–10).

## Applicable Standard

Rule 12(b)(4) is the appropriate procedural device under which to contest the sufficiency of process. "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." *Gartin v. Par Pharm. Cos.*, 289 F. App'x

---

[3] This Court notes that, although referenced in Leet's Complaint (Rec. Doc. 1), no party has filed a copy of the affidavit or body camera footage into the record of this case as of the date of this Report and Recommendation.

3

688, 691 n. 3 (5th Cir. 2008) (citing C. Wright & A. Miller, 5B FEDERAL PRACTICE AND PROCEDURE: 3d § 1353). Rule 12(b)(4) encompasses allegations that a party was not accurately named in the complaint. *Id.*

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir. 2004). When reviewing a motion to dismiss, a district court may also consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must

4

contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting C. Wright & A. Miller, 5C Federal Practice and Procedure 3d § 1216, pp. 235-36). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl. v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. v. Twombly*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

## Analysis

### *Claims against the Iberia Parish Sheriff Department*

Leet asserts claims against the IPSD under 42 U.S.C. § 1983 for violation of his Fourth, Fifth, and Fourteenth Amendment rights and for conspiracy to violate those rights, a *Monell* claim, and state law claims for false arrest, false imprisonment, aggravated

kidnapping, criminal conspiracy, perjury, false swearing for the purpose of violating public health or safety, false statements concerning the denial of constitutional rights, obstruction of justice, injuring public records, filing or maintaining false public records, and malfeasance in office. (Rec. Doc. 1 at pp. 13–18). The IPSD moves to dismiss all claims against it because it is not an entity capable of being sued. (Rec. Doc. 4-1 at p. 1). Leet does not contest dismissal as to IPSD. (*See*, Rec. Doc. 8, generally).

Rule 17(b)(3) instructs that "the capacity to sue or be sued shall be determined…by the law of the state in which the district court is held." As this suit is brought in the Western District of Louisiana, Louisiana law governs the IPSD's capacity to sue or be sued. Relevant here, Louisiana law provides that a juridical person is "an entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE ANN. art. 24. Louisiana courts considering the capacity of a sheriff's office to be sued have uniformly determined that these purported defendants are "not *sui juris*" and lack the capacity to be sued. LA. CONST. ART. V, § 27; *Theriot v. Thibodeaux*, 2024 WL 5233177 at *2, n. 3 (La. App. 1 Cir.) (internal citations omitted).

Given Louisiana's unequivocal treatment of sheriffs' offices as entities lacking the capacity to sue or be sued, Leet fails to state a claim against IPSD as to which relief might be granted. Accordingly, this Court will recommend the dismissal with prejudice of Leet's claims against the IPSD pursuant to Rule 12(b)(6).

***False Arrest and Imprisonment Claims***

Leet asserts claims for false arrest and false imprisonment under Section 1983 and Louisiana law against remaining defendants Deputy Cotone and Sheriff Romero. (*See*, Rec. Doc. 1, generally). The motions filed by these defendants seek dismissal of Leet's false arrest claims as prescribed. (*See*, Rec. Docs. 4, 19).

Claims for false arrest and false imprisonment asserted pursuant to Section 1983 or Louisiana law are subject to the prescriptive period found in applicable state law. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Conversely, the accrual of Section 1983 claims is governed by federal law. *Bradley v. Sheriff's Dep't St. Landry Parish*, 958 F.3d 387, 391 (5th Cir. 2020) (citing *Wallace*, 549 U.S. at 388). False arrest and imprisonment claims sound in tort and are, thus, subject to the prescription as delictual actions under Louisiana law. At the time of the events at issue in this case, LA. CIV. CODE ANN. art. 3492 provided for a one-year liberative prescriptive period as to all delictual actions.[4]

Section 1983 claims accrue when a plaintiff "knows or has reason to know" of the injury which forms the basis of the cause of action. *Wallace, supra*. Whether paired with malicious prosecution claims or asserted singularly, claims for false arrest and imprisonment accrue "at the time the claimant becomes detained pursuant to legal process." *Id.* at 397. Interpreting *Wallace*, the Fifth Circuit has determined that accrual of Section 1983 claims for false arrest and false imprisonment occurs at the time of arraignment. *Bradley v. Sheriff's Dep't St. Landry Parish*, 958 F.3d 387, 391–92 (5th Cir. 2020). In this case, the parties agree that Leet was arraigned on July 17, 2019. (Rec. Doc. 1 at ¶ 26). Applying Louisiana's one-year, liberative prescriptive period, Leet's Section 1983 claims for false arrest and imprisonment prescribed on July 17, 2020. The instant suit was filed on May 3, 2024, making Leet's Section 1983 claims for false arrest and false imprisonment untimely.

In contrast, claims for false arrest and false imprisonment asserted under Louisiana law accrue at the time of arrest. *Eaglin v. Eunice Police Dep't*, 319 So. 3d 225, 229-30 (La.

---

[4] LA. CIV. CODE ANN. art. 3492 was repealed effective July 1, 2024. Pursuant to LA. CIV. CODE ANN. art. 3493.1 effective July 1, 2024, delictual actions are now subject to a two-year liberative prescriptive period. As the events at issue in this case occurred in 2019, Louisiana's, one-year liberative prescriptive period is applicable to Leet's false arrest claim.

7

2018). Leet was arrested on May 9, 2019. (Rec. Doc. 1 at p. 3). Applying Louisiana's one-year liberative prescriptive period, his Louisiana law claims for false arrest and imprisonment prescribed on May 9, 2020. Accordingly, Leet's state law claims for false arrest and false imprisonment are also untimely.

The parties' briefs reflect confusion concerning the contours of the false arrest, false imprisonment, and malicious prosecution claims. As the parameters of these claims bear directly upon questions of accrual and prescription, some discussion is warranted. Whether asserted under Section 1983 or Louisiana law, a claim of false arrest alleges a detention without legal process. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). At the time legal process is initiated, damages flowing from the unlawful arrest and incarceration cease and the claim is accrued. *Bradley*, 958 F.3d at 390 (citing *Wallace*, 549 U.S. at 390) (internal citations omitted). Damages flowing from continued detention after the institution of legal process form part of a claim for malicious prosecution, since such claim regards the unlawful institution of an otherwise legal process. *Id.*

Leet denies that he has asserted a standalone claim for false arrest, arguing that such claim only exists in the context of his additional malicious prosecution claim. (Rec. Doc. 8 at pp. 1–2). Review of the Complaint contradicts Leet's argument, as it provides, in part, that "the plaintiff seeks damages against the defendants pursuant to 42 U.S.C. § 1983 for wrongful incarceration, false arrest, false imprisonment…" (Rec. Doc. 1 at p. 3).

As determined in the foregoing analysis, Leet's claims for false arrest under Section 1983 and Louisiana law were prescribed at the time his suit was filed. For this reason, Leet fails to state claims for false arrest and false imprisonment as to which relief may be granted and this Court will recommend dismissal of all such claims with prejudice pursuant to Rule 12(b)(6).

### *Claims Against Sheriffs*

Leet's Complaint names former Sheriff Ackal and current Sheriff Romero as defendants. (Rec. Doc. 1 at ¶¶ 9–10). Since the filing of Sheriff Romero and the IPSD's Motion to Dismiss, former Sheriff Ackal was dismissed from this suit pursuant to Rule 4 and LR 41.3 based on Leet's failure to effect service. (Rec. Doc. 24). Considering this Court's finding as to IPSD's capacity to be sued and the intervening dismissal of Sheriff Ackal, the current motion pertains only to Sheriff Romero.

The Complaint fails to specify whether the claims against Sheriff Romero are asserted against him in his individual or official capacity. After review of the nature of the claims and noting the absence of any allegations of personal conduct by Sheriff Romero, this Court construes all claims against Sheriff Romero as official capacity claims. It is noted that while *pro se* complaints failing to specify in which capacity officials are sued are often interpreted as asserting both official and individual capacity claims as a function of courts' broad construction of *pro se* claims, Leet is represented by counsel. *See Douglas v. Gusman*, 567 F. Supp. 2d 877, 888–89 (E.D. La. 2008) (internal citations omitted).

"[A] claim against a state or municipal official in his official capacity 'generally represent[s] only another way of pleading an action against an entity of which the official is an agent.'" *Adams v. City of Shreveport*, 269 F. Supp. 3d 743, 752 (W.D. La. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

### *Malicious Prosecution Claims*

Sheriff Romero and Deputy Cotone seek dismissal of the malicious prosecution claims against them asserted under Section 1983 and Louisiana law for failure to state a claim pursuant to Rule 12(b)(6). (Rec. Docs. 4, 19). To the extent that Leet's Complaint does state federal, and state law claims for malicious prosecution, these defendants urge dismissal based on application of the affirmative defense of qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is "an immunity from suit rather than a mere defense to liability…it is effectively lost if a case is permitted to go to trial." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Sheriff Romero and Deputy Cotone point out that the Fifth Circuit expressly denied the availability of Fourth Amendment Section 1983 claims for malicious prosecution between 2003 and 2021. For this reason, they argue that their alleged conduct in 2018 and 2019 could not have violated a "clearly established right" such as would defeat qualified immunity. (Rec. Doc. 4-1 at pp. 3–4). Leet argues that the conduct at issue began in 2018 but continued through the date the charges against him were dropped in 2023. (Rec. Doc. 8 at pp. 6–7). Sheriff Romero and Deputy Cotone seek dismissal on the basis that the Complaint fails to allege any conduct in furtherance of malicious prosecution occurring after 2019. (Rec. Doc. 9 at pp. 2–3).

Sheriff Romero and Deputy Cotone are correct that Fifth Circuit jurisprudence on the existence of a Section 1983 Fourth Amendment claim for malicious prosecution "has been in flux." *Bledsoe v. Willis*, 665 F. Supp. 3d 810, 820–21 (W.D. La. 2024). However, the conduct alleged in this suit—the institution of legal process against Leet without probable cause—suggests the violation of his clearly established right to be free from prosecution absent probable cause, a federal constitutional right which clearly existed at the time of the events at issue. "Louisiana state law…has always recognized that 'malicious prosecution has occurred when there was no probable cause to arrest an individual.'" *Wooten v. Harrell*, 2024 WL 1815349 at *8 (M.D. La. Apr. 25, 2024) (quoting *Bledsoe*, 665 F. Supp. 3d at 821)).

10

Considering the foregoing, Sheriff Romero and Deputy Cotone fail to establish entitlement to qualified immunity as to Leet's malicious prosecution claims under Section 1983 and Louisiana law based on the "clearly established right" element. Having determined that qualified immunity does not bar Leet's malicious prosecution claims outright for this reason, the Court turns to the sufficiency of his allegations under Rule 12(b)(6).

Whether asserted under Louisiana law or the Fourth Amendment via Section 1983, a viable claim of malicious prosecution requires that a plaintiff allege facts showing:

> (1) the commencement or continuation of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

*Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023).

Sheriff Romero and Deputy Cotone argue that Leet fails to allege facts that adequately suggest malice. Under Louisiana law, where charges against a plaintiff are dismissed prior to trial, a lack of probable cause and malice are presumed. *Wooten v. Harrell*, *supra* at *7 (internal citations omitted); *Rivera-Colon v. Parish of St. Bernard*, 516 F. Supp. 3d 583, 590–91 (E.D. La. 2/2/2021) (citing *Watson v. Church's Fried Chicken, Inc.*, 527 So. 2d 979, 981 (La. App. 4 Cir. 1988), writ denied 532 So.2d 135 (La. 1988)). In this case, Leet was never tried on the charges at issue, and those charges were dismissed on May 5, 2023. (Rec. Doc. 1 at ¶ 22). Accordingly, for purposes of his Louisiana law malicious prosecution claim, malice is inferred.

Under Section 1983, no clear presumption of malice results from dismissal of charges prior to trial, so Leet may receive the inference of malice only by demonstrating lack of probable cause or that a defendant acted with reckless disregard for his rights. *Wooten*, *supra* (citing *Bledsoe v. Willis*, 665 F. Supp. 3d 810, 818 (W.D. La. 2023)).

Leet alleges that Deputy Cotone submitted a materially false affidavit in support of a warrant for his arrest. Specifically, Leet alleges that the affidavit copied portions of a report prepared by Deputy Chipman which were directly contradicted by footage from her body camera and Leet's own written statement taken at the scene, both of which were available to Deputy Cotone prior to submitting the affidavit at issue. (Rec. Doc. 1 at ¶¶ 14–19). These allegations return this Court's analysis to consideration of qualified immunity.

Although not argued in the motions, the independent intermediary doctrine shields officers from liability for false arrest or malicious prosecution where a warrant is secured from a judicial officer, whose decision regarding probable cause "breaks the chain of causation" as to such claims. *Hughes v. Garcia*, 100 F.4th 611, 619 (5th Cir. 2024) (quoting *Jennings v. Patton*, 644 F.3d at 397, 300–01 (5th Cir. 2011) (quoting *Cuadra v. Houston ISD*, 626 F.3d 808, 813 (5th Cir. 2010)). An exception to the independent intermediary doctrine applies where the warrant affidavit contains material omissions or misstatements made purposefully or with reckless disregard for the rights of the plaintiff. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Under *Franks*, liability for malicious prosecution may attach, not only to the officer who swore out the warrant affidavit, but also to any officer who provided false information for the purpose of compiling the warrant affidavit. *Hughes*, 100 F.4th at 620 (citing *Melton v. Phillips*, 875 F.3d 256, 262 (5th Cir. 2017)).

Moreover, when presented with allegations of false warrant affidavits in conjunction with claims for malicious prosecution, the court must conduct a corrected affidavit analysis, whereby it considers "whether the warrant affidavit would support probable cause if the misstatements and material omissions were eliminated. *Id.* (citing *Winfrey v. Rogers*, 901 F.3d 483, 495 (5th Cir. 2018)). Sheriff Romero and Deputy Cotone's motions and the parties' attendant briefs fail to identify and address many of the issues raised by the Complaint.

12

Especially relevant here is the movants' failure to attach the affidavit at issue for the Court's review.

Considering the foregoing, this Court will recommend that dismissal of Leet's malicious prosecution claims against Sheriff Romero and Deputy Cotone be denied at this time and that these defendants be permitted to reurge qualified immunity as to these claims by the filing of a new motion addressing the relevant issues and offering the affidavit at issue for the Court's review.

### *Claims Against Iberia Parish*

Leet's Complaint names "Iberia Parish" as a defendant in this case. (Rec. Doc. 1 at ¶ 7). He purported to serve the "Government of Iberia Parish" on June 6, 2024 via personal service upon a parish employee, Cyndi Provost. (Rec. Doc. 3 at p. 1).

Citing the 2015 Iberia Parish Home Rule Charter For A Council-President Government, the Iberia Parish Government ("IPG") seeks dismissal of Leet's claims for failure to effect proper service under Rule 4. Specifically, IPG points out that it was not properly named in this suit, since the summons served on June 6, 2024 refers to "Government of Iberia Parish" and the Complaint names a party "Iberia Parish." Moreover, IPG observes that the suit caption identifies it as "The Parish of Iberia." (Rec. Doc. 10-1 at pp. 5–9). Leet opposes dismissal on these grounds, essentially arguing that IPG was properly named and that, even if it was not properly named, IPG was sufficiently apprised of the suit against it; thus, no prejudice resulted. (Rec. Doc. 13 at pp. 1–2).

Despite being advised of the proper name for IPG by the filing of IPG's motion in July of 2024, Leet has failed to attempt to amend his Complaint to correctly identify this party.

IPG has demonstrated that Leet's process was insufficient in this case. *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013) (citing Fed. R. Civ. P. 4(a)(1)(A), (b)) (additional citations omitted). Leet has not seriously attempted to bear the

13

burden of demonstrating that process was proper under Rule 4 as to IPG. Once process is determined to be insufficient under the Federal Rules of Civil Procedure, a court may exercise its discretion to dismiss the suit. *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). Where no prejudice results from the Rule 4 error, dismissal is generally not indicated. *Newton v. BBVA*, 2022 WL 18141394 at *2–3 (E.D. Tex. Nov. 30, 2022) (citing *Coleman*, *supra*).

IPG's actual notice of the suit is clearly established, and this Court perceives no prejudice to IPG resulting from Leet's errors in properly naming it in the Complaint or the summons. However, this Court does note that process is plainly insufficient under Rule 4, as it fails to correctly identify the intended defendant, and Leet fails to demonstrate sufficiency as the party opposing the motion. Moreover, as argued by IPG, to the extent that Leet asserts claims against Iberia Parish and/or The Parish of Iberia, such entities lack the capacity to be sued for the reasons discussed above regarding defendant IPSD. Accordingly, because Leet has not availed himself of the period following IPG's motion to amend his complaint voluntarily, this Court will recommend that IPG's motion be granted in part, pursuant to Fed. R. Civ. P. 12(b)(4), and that Leet be ordered to amend his Complaint to address all the pleading defects identified in this report and recommendation.

Considering Leet's anticipated amendment, this Court will further recommend that IPG's motion be denied as moot regarding Leet's malicious prosecution and *Monell* claims against IPG. Defendants may seek dismissal under Rule 12 in response to the forthcoming amended complaint.

## Conclusion

For the reasons discussed herein, the Court recommends that the MOTION TO DISMISS filed by Sheriff Romero and the Iberia Parish Sheriff Department (Rec. Doc. 4) be GRANTED in part, such that Plaintiff Heath Leet's claims against the Iberia Parish Sheriff Department

be DISMISSED based on lack of capacity to be sued, and that Leet's freestanding claims for false arrest and imprisonment under Section 1983 and Louisiana law against Sheriff Romero be DISMISSED with prejudice based on prescription. It is further recommended that such motion (Rec. Doc. 4) be DENIED in part, such that Leet's claims for malicious prosecution against Sheriff Romero under Section 1983 and Louisiana law be preserved for further proceedings consistent with this report and recommendation, reserving unto Sheriff Romero the right to reurge dismissal as may be appropriate in light of Leet's anticipated amendment.

It is further recommended that the MOTION TO DISMISS filed by the Government of Iberia Parish (Rec. Doc. 10) be GRANTED in part, such that all claims against this defendant for false arrest and false imprisonment under Section 1983 and Louisiana law be DISMISSED with prejudice based on prescription; that Leet be ordered to amend his Complaint to cure all deficiencies noted in this report and recommendation; and that the motion be DENIED as MOOT in all other respects, reserving unto this defendant the right to reurge dismissal as may be appropriate in light of Leet's anticipated amendment.

It is finally recommended that the MOTION TO DISMISS filed by defendant Deputy Cotone (Rec. Doc. 19) be GRANTED in part, such that all freestanding claims by Leet for false arrest against Deputy Cotone under Section 1983 and Louisiana law be DISMISSED with prejudice based on prescription and DENIED in part as to Leet's claims against Deputy Cotone for malicious prosecution under Section 1983 and Louisiana law, reserving unto Deputy Cotone the right to reurge dismissal of these claims as may be appropriate in light of Leet's anticipated amendment.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 11th day of March, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**